IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SIEMENS USA HOLDINGS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 1:12-CV-977-RWR |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## UNITED STATES' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS OR TO TRANSFER VENUE

Siemens USA Holdings, Inc., seeks a refund of corporate income tax that *Siemens Industry, Inc.,* owed for the 2004 tax year as the successor to yet another company, UGS Capital Corp. & Subsidiaries ("UGS Capital").  The United States moves to dismiss the complaint under Federal Rules of Civil Procedure 12(b)(6) and 17 because Siemens USA Holdings, Inc., is not the real party in interest and consequently cannot bring the instant tax refund suit.  Rather, *Siemens Industry, Inc.,* appears to be the proper plaintiff with the legal right to sue for a refund of tax for the 2004 tax year.

Siemens Industry, Inc., has its principal place of business in Georgia.  Venue, therefore, is not properly laid in the District of Columbia.  In the event that the Court grants the plaintiff leave to substitute Siemens Industry, Inc., as the plaintiff in place of Siemens USA Holdings, Inc. the United States moves to dismiss or to transfer this matter under Federal Rules of Civil Procedure 12(b)(3) and 28 U.S.C. § 1406(a) to the Northern District of Georgia.

## I.    BACKGROUND

According to the complaint, UGS Capital was not an affiliate of Siemens USA Holdings, Inc. ("Siemens Holdings") in 2004.  It became an affiliate when another Siemens entity, Siemens Corporation, acquired UGS Capital in 2007.  In 2009 UGS Capital was merged into Siemens Industry, Inc. ("Siemens Industry"). (Complaint (Docket Entry No. 1) at ¶ 6.[1]) The complaint alleges that Siemens *Industry* "became the successor-in-interest to UGS Capital for federal income tax purposes for the tax year ending December 31, 2004 . . . and subsequent tax years." (*Id.*)

The Internal Revenue Service disallowed certain adjustments that UGS Capital made on its 2004 federal income tax return, and assessed additional tax of $763,532.  The Service sent the Notice of Deficiency, dated June 29, 2011, to Siemens *Industry* as "successor in interest to UGS Capital Corp[.] and as agent for the members of the UGS Capital Corp[.] and subsidiaries consolidated group." (Notice of Deficiency (Exhibit A) at 1 (capitalization altered).[2])  Accordingly, the tax originally owed by UGS Capital was

---

[1] For purposes of this motion, the United States assumes the veracity of the facts alleged in the complaint.

[2] On a motion to dismiss, the Court may consider the allegations in the complaint, any documents attached to the complaint, and documents attached to a motion to dismiss to which the plaintiff refers in the complaint, and which are integral to the plaintiff's claim. *Kaempe v. Myers*, 367 F.3d 958, 965 (D.C. Cir. 2004).  The plaintiff refers to and relies on the Notice of Deficiency in Paragraph 28 of the complaint.  In addition, under Rule 12(b)(3) the Court may rely on documents outside the complaint. *See* 5B Charles Alan Wright, Arthur R. Miller, et al., Federal Practice and Procedure ("Wright & Miller") § 1352 (database updated April 2012).

ultimately assessed against Siemens Industry, and not assessed against Siemens

Holdings.

The tax owed by Siemens Industry was then paid in September 2011.  (Complaint

at ¶ 30.)  An administrative claim for refund is a prerequisite to this federal lawsuit for

refund.  26 U.S.C. § 7422(a).  The complaint is ambiguous as to which Siemens entity

filed the required administrative claim for refund.[3]  In fact, it was Siemens Industry that

on or about October 26, 2011, filed its administrative claim for refund of the  $763,532 of

tax it owed as successor to UGS Capital.  (Siemens Industry Form 1120X, Amended U.S.

Corporation Tax Return (2004) (Exhibit B).)  But now Siemens *Holdings* seeks that

refund.

Siemens Holdings alleges that its principal place of business is in Washington,

D.C., and asserts this fact as the basis for venue in this District.  (Complaint at ¶ 4.)  But

in court filings last year, discussed below, Siemens Industry asserted that its principal

place of business was in the Northern District of Georgia.

## II.    ARGUMENT

### A.    Real party in interest challenges may be brought under Rule 12(b)(6)

"An action must be prosecuted in the name of the real party in interest." Fed. R.

Civ. P. 17(a)(1).  Although the "federal rules do not contain a specific procedure for

raising an objection that plaintiff is not the real party in interest," a motion to dismiss

---

[3]*See* Complaint at ¶¶ 31-32 ("Siemens" filed administrative claim), ¶ 4 ("Siemens" means Siemens Industry, Siemens Corporation, and Siemens Holdings collectively).

under Rule 12(b)(6) is one proper method of bringing this issue to the Court. *See* 6A Wright & Miller at § 1554.  The Court of Appeals for the District of Columbia has stated that "[a] real-party-in-interest defense can be raised as a Rule 12(b)(6) motion, stating, in effect, that because the plaintiff is not the person who should be bringing the suit, the plaintiff has failed to state a claim upon which relief can be granted." *Whelan v. Abell*, 953 F.2d 663, 672 (D.C. Cir. 1992) (but noting that "the question of how a Rule 17(a) defense is raised . . . remains unsettled," *id.* at n.7).   Because Siemens Holdings is not the real party in interest, the Court cannot grant Siemens Holdings the relief it seeks. Accordingly, the United States moves to dismiss the complaint under Fed.R.Civ.P. 12(b)(6).  *See* 6A Wright & Miller at § 1554.

Although a Rule 12(b)(6) motion is a proper vehicle for raising this issue, "[t]he court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." Fed. R. Civ. P. 17(a)(3).  If the Court determines that Siemens Holdings is not the real party in interest, the Court thus should give the plaintiff "a reasonable time" to substitute Siemens Industry as the proper plaintiff.

But, as explained below, venue for Siemen's Industry is not proper for in the District of Columbia.  The United States therefore also moves to dismiss or to transfer to the Northern District of Georgia under Fed.R.Civ.P. 12(b)(3) and 28 U.S.C. § 1406(a).

**B.     Siemens Holdings is not the real party in interest**

Siemens Industry is liable for the tax at issue as the successor to UGS Capital. But only "the taxpayer" may file a claim for a tax refund.  26 U.S.C. § 6511(a).  Siemens Industry is that "taxpayer" because it is the "person subject to any internal revenue tax" under Internal Revenue Code section 7701(a)(14), as a successor in interest.  See 26 U.S.C. § 7701(a)(14).

The "taxpayer" in this case originally was UGS Capital.  Siemens Corporation bought UGS Capital in 2007, and UGS Capital was merged into Siemens Industry in 2009. (Complaint at ¶ 6.)  For purposes of the tax refund, as alleged by the plaintiff, Siemens Industry is the successor to UGS Capital.  (*Id.*)  In a situation like this one, "where two or more corporations are combined by way of merger or liquidation of one of them into a surviving or successor corporation, the successor is permitted to file a refund claim on behalf of the liquidated corporation." Michael I. Saltzman & Leslie Book, IRS Practice and Procedure ¶ 11.07 (current through 2010), *available at* 1999 WL 1050967; *see also* Rev. Rul. 54-17, 1954-1 C.B. 160, *available at* 1954 WL 8804 ("[W]here a corporation, since liquidated by merger with a successor corporation, overpaid its Federal income taxes, a claim for refund or credit should be executed by the successor corporation . . . .").

According to the complaint, Siemens Industry is the successor to UGS Capital. Siemens Industry and Siemens Holdings are separate, though related, corporate entities,

and they are distinct legal persons.  Under the facts pled here, Siemens *Industry* would be permitted to pursue a refund claim, but Siemens *Holdings* would not.

Siemens Holdings alleges that it is "parent corporation of Siemens Corporation," which owns Siemens Industry. (Complaint at ¶ 4.  More specifically, it alleges that Siemens Holdings is "the parent corporation of a consolidated U.S. tax group of affiliates that includes Siemens Corporation and Siemens Industry, Inc., successor in interest to UGS Capital Corp. & Subsidiaries" (*id.* at 1).  As explained above, based on the allegations in the complaint, Siemens Industry may bring a claim for the tax refund at issue as the *successor* to UGS Capital. Siemens Holdings, however, is *not* a successor to UGS Capital. [4]

Because Siemens Holdings is not the real party in interest, the United States requests that the Court give the plaintiff a reasonable period of time in which to substitute the proper party.  And if Siemens Holdings does not do so, the Court should dismiss this case.

---

[4]Siemens Holdings cannot claim it is the real party in interest because it is the parent corporation of a consolidated group that includes Siemens Industry.  Under Treasury Regulations, the common parent is the sole agent for the matters relating to tax liability only for "the consolidated return year."  26 C.F.R. § 1.1502-77(a)(1)(i).  The relevant "return year" is 2004; UGS Capital was not a member of the Siemens Holdings consolidated group in 2004.  Siemens Holdings, as parent of the consolidated group, in this instance is not authorized to file a claim for refund under the Treasury Regulations.

**C.    Proper venue is in the Northern District of Georgia, Siemens Industry's principal place of business**

The district courts generally have jurisdiction over claims for federal tax refunds. 26 U.S.C. 1346(a)(1).  A suit by a corporation under Section 1346(a)(1), seeking a tax refund, "may be prosecuted *only* . . . in the judicial district in which is located the principal place of business or principal office or agency of the corporation." 28 U.S.C. § 1402(a)(2) (emphasis added).

If the Court concludes that Siemens Industry is the proper party in interest, venue for this lawsuit must be in the judicial district where Siemens Industry has its principal place of business.  As Siemens Industry is not currently a party to this lawsuit, the complaint does not contain any allegations regarding its principal place of business. In 2011, however, Siemens Industry claimed that its principal place of business was located Alpharetta, Georgia, which is in the Northern District of Georgia.   *See Solomon v. Siemens Industry, Inc.*, No. 11-cv-1321, 2011 WL 2837496 at *2 (E.D. N.Y. July 18, 2011). Notice of Removal filed in *Solomon*, Docket Entry No. 1 at ¶ 10 (attached as Exhibit C).[5] Siemens Industry also submitted a declaration in *Solomon* from in-house counsel for Siemens Industry that stated that, at least as of March 18, 2011, Siemens Industry's principal place of business was in Alpharetta, Georgia. (Declaration of Ted M. Scartz filed in *Solomon*, Docket Entry No. 9 at ¶¶ 1, 3-4 (attached as Exhibit D).)

---

[5] The Court may consider the documents that Siemens Industry filed in *Solomon* because they "are public records subject to judicial notice on a motion to dismiss." *Kaempe*, 367 F.3d at 965.

Based on Siemens Industry's representations in *Solomon*, it appears that Siemens Industry's principal place of business is in Georgia.[6]  If the Court concludes that Siemens Industry is the real party in interest regarding the tax refund at issue in this case, and plaintiff Siemens Holdings timely substitutes Siemens Industry, then proper venue for this matter would be in the Northern District of Georgia, and the Court should transfer this matter to that District.

IV.     **CONCLUSION**

Siemens Industry, not Siemens Holdings, is the real party in interest to seek the tax refund at issue in this matter. The Court should offer the plaintiff an opportunity to substitute the proper party, and if the plaintiff does not do so, the Court should dismiss this case.  If the plaintiff does substitute Siemens Industry as the plaintiff in a timely

---

[6] The United States is not aware of Siemens Industry changing its principal place of business since March 18, 2011.

fashion, then the Court should transfer this matter to the Northern District of Georgia where the principal place of business for Siemens Industry is located.

Date:  September 24, 2012

Respectfully submitted,

RONALD C. MACHEN, JR.
United States Attorney

KATHRYN KENEALLY
Assistant Attorney General

/s/ Joseph E. Hunsader
JOSEPH E. HUNSADER
NORAH E. BRINGER
Trial Attorneys, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC 20044
Telephone: (202) 514-0472, (202) 307-6224
Fax: (202) 514-6866
Email: joseph.e.hunsader@usdoj.gov
          norah.e.bringer@usdoj.gov